1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DAWN WHITTLE,

Plaintiff,

v.

ANDREW SAUL, Commissioner of the
Social Security Administration,

Defendant.

Case No.:  20cv1452-NLS

**ORDER:**

**(1) DISMISSING COMPLAINT
WITH LEAVE TO AMEND; and**

**(2) DENYING  PLAINTIFF'S
MOTION FOR LEAVE TO
PROCEED IN FORMA PAUPERIS**

**[ECF No. 3]**

Before the Court is Plaintiff Dawn Whittle's complaint seeking judicial review of the Social Security Administration's decision and motion for leave to proceed *in forma pauperis* ("IFP").  ECF Nos. 1, 2.  After due consideration and for the reasons set forth below, the Court **DISMISSES** Plaintiff's complaint with leave to amend, if amended within 60 days of the date of this order, and **DENIES WITHOUT PREJUDICE** the motion to process IFP.

//

1

19cv1661-NLS

1

**I.      Screening Under 28 U.S.C. § 1915(e)**

2      A complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a), is subject

3   to a mandatory and *sua sponte* review by the Court.  *Lopez v. Smith,* 203 F.3d 1122, 1127

4   (9th Cir. 2000).  The Court must dismiss the complaint if it is frivolous or malicious, fails

5   to state a claim upon which relief may be granted, or seeks monetary relief from a

6   defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Social security appeals

7   are not exempt from this § 1915(e) screening requirement.  *Hoagland v. Astrue*, No.

8   1:12cv00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012); *see also Calhoun*

9   *v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting section 1915(e)(2)(B) is

10   "not limited to prisoners"); *Lopez*, 203 F.3d at 1129 ("section 1915(e) applies to all in

11   forma pauperis complaints").

12      To pass screening, all complaints must contain a "short and plain statement of the

13   claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although

14   detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a

15   cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v.*

16   *Iqbal*, 556 U.S. 662, 678 (2009).  A complaint in a social security appeal is "not exempt

17   from the general rules of civil pleading."  *Hoagland*, 2012 WL 2521753, at *2.

18      Several courts within the Ninth Circuit have set forth the following basic

19   requirements for complaints to survive the Court's § 1915(e) screening:

20
21
22
23
24
25
> First, the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision.  Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled.  Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

26

*See, e.g.*, *Montoya v. Colvin*, No. 16cv00454-RFB-NJK, 2016 WL 890922, at *2 (D.

27
Nev. Mar. 8, 2016) (collecting cases); *Graves v. Colvin*, No. 15cv106-RFB-NJK, 2015

28

19cv1661-NLS

1  WL 357121, *2 (D. Nev. Jan. 26, 2015) (same).

2      As for the fourth requirement, "[e]very plaintiff appealing an adverse decision of

3  the Commissioner believes that the Commissioner was wrong." *Hoagland*, 2012 WL

4  2521753, at *3.  Thus, a complaint merely stating that the Commissioner's decision was

5  wrong or that "merely parrots the standards used in reversing or remanding a case" is

6  insufficient to satisfy a plaintiff's pleading requirement.  *See, e.g.*, *Cribbet v. Comm'r*

7  *of Social Security*, No. 12cv1142-BAM 2012 WL 5308044, *3 (E.D. Cal. Oct. 29, 2012);

8  *Graves*, 2015 WL 357121, at *2.  Instead, "[a] complaint appealing the Commissioner's

9  denial of disability benefits must set forth a brief statement of facts setting forth the

10  reasons why the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at

11  *2; *see also Harris v. Colvin*, No. 14cv383-GW (RNB), 2014 WL 1095941, *4 (C.D.

12  Cal. Mar. 17, 2014) (dismissing complaint which did not "specify . . . the respects in

13  which [the plaintiff] contends that the ALJ's findings are not supported by substantial

14  evidence and/or that the proper legal standards were not applied"); *Gutierrez v. Astrue*,

15  No. 11cv454-GSA, 2011 WL 1087261, *2 (E.D. Cal. Mar. 23, 2011) (dismissing

16  complaint which did not "provide[] any substantive reasons" for appealing the ALJ's

17  decision and did not "identif[y] any errors in [the] decision").  The plaintiff must provide

18  a statement identifying the basis of the plaintiff's disagreement with

19  the Social Security Administration's determination and must make a showing that she is

20  entitled to relief, "in sufficient detail such that the Court can understand the legal and/or

21  factual issues in dispute so that it can meaningfully screen the complaint pursuant to

22  § 1915(e)." *Graves*, 2015 WL 357121, at *2.

23      With these standards in mind, the Court turns to Plaintiff's complaint.  Plaintiff

24  states that "[t]he conclusions and findings of fact of the defendant are not supported by

25  substantial evidence and are contrary to law and regulation."  ECF No.1 at 2.  This

26  amounts to nothing more than "merely parrot[ing] the standards used in reversing or

27  remanding a case" and is insufficient to satisfy a plaintiff's pleading requirement.  *See*

28  *Cribbet*, 2012 WL 5308044, *3; *Graves*, 2015 WL 357121, at *2.  There is no specific

19cv1661-NLS

1   reason given about what specific evidence is being contested in this case, nor is there any

2   identification of what "new and material" evidence now exists.  Simply stating that no

3   substantial evidence exists is not sufficient.  *See Harris*, 2014 WL 1095941, *4

4   (dismissing complaint which did not "specify . . . the respects in which [the plaintiff]

5   contends that the ALJ's findings are not supported by substantial evidence and/or that the

6   proper legal standards were not applied").  Accordingly, the Court finds that Plaintiff's

7   complaint fails to state a claim for relief and **DISMISSES** the complaint with leave to

8   amend.  Plaintiff may correct the deficiencies in her complaint to comply with the

9   requirements as set forth above, and file an amended complaint **within 60 days of this**

10  **order**.

11       **II.     Motion to Proceed IFP**

12       It is well-settled that a party need not be completely destitute to proceed IFP.

13  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).  The

14  determination of indigency falls within the district court's discretion.  *See Cal. Men's*

15  *Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (noting "Section 1915 typically

16  requires the reviewing court to exercise its sound discretion in determining whether the

17  affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506

18  U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it

19  alleges that the affiant cannot pay the court costs and still afford the necessities of life."

20  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (*citing Adkins*, 335 U.S. at

21  339).  At the same time, however, "the same even-handed care must be employed to

22  assure that federal funds are not squandered to underwrite, at public expense . . . the

23  remonstrances of a suitor who is financially able, in whole or in material part, to pull his

24  own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).  Finally, the facts

25  as to the litigant's indigency must be stated "with some particularity, definiteness and

26  certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

27       Here, Plaintiff has not properly filled out her IFP form.  For example, she states

28  that she makes [had]$1470.00 in rental income and $2005.00 in disability per month, but

4

19cv1661-NLS

1   leaves her total monthly income at $0.  ECF No. 2 at 1-2.  She similarly lists many

2   expenses but still lists the total monthly expenses at $0.  *Id.* at 4-5.  The form also

3   includes some scratched out items and items written in the margins.

4          Because the Court is screening out Plaintiff's complaint in insufficient pleading,

5   the Court will **DENY WITHOUT PREJUDICE** the motion to proceed IFP.  If Plaintiff

6   files an amended pleading, she can at that time submit a renewed motion for IFP,

7   provided that she believes she qualifies for IFP status under the requirements set forth

8   above.  Plaintiff is cautioned she should fill this form out accurately and correctly.

9      **III.    Conclusion**

10         For the reasons discussed above, the Court **DISMISSES** Plaintiff's complaint with

11   leave to amend **DENIES WITHOUT PREJUDICE** the motion to process IFP.  Plaintiff

12   may file an amended complaint without **60 days** of this order and may refile the motion

13   for IFP at this time.

14         **IT IS SO ORDERED.**

15   Dated:  August 28, 2020

16

17                                      Hon. Nita L. Stormes
                                        United States Magistrate Judge
18

19

20

21

22

23

24

25

26

27

28

19cv1661-NLS