UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN WENDY WHITTLE,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of the Social Security Administration,<br><br>　　　　　　　　　　　Defendant. | Case No.:  20-cv-01452-NLS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 10]** |

Before the Court are Plaintiff Dawn Wendy Whittle's complaint seeking judicial review of the Social Security Administration's decision and motion for leave to proceed *in forma pauperis* ("IFP").  ECF Nos. 9-10.  After due consideration and for the reasons set forth below, the Court finds that the complaint survives screening but **DENIES** the motion to proceed IFP.

**I.     Screening Under 28 U.S.C. § 1915(e)**

A complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review by the Court.  *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000).  The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Social security appeals are not exempt from this § 1915(e) screening requirement.  *Hoagland v. Astrue*, No. 1:12cv00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting section 1915(e)(2)(B) is "not limited to prisoners"); *Lopez*, 203 F.3d at 1129 ("section 1915(e) applies to all in forma pauperis complaints").

To pass screening, all complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint in a social security appeal is also "not exempt from the general rules of civil pleading."  *Hoagland*, 2012 WL 2521753, at *2.

Several courts within the Ninth Circuit have set forth the following basic requirements for complaints to survive the Court's § 1915(e) screening:

> First, the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision.  Second, the complaint must indicate the judicial district in which the plaintiff resides.  Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled.  Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

*See, e.g.*, *Montoya v. Colvin*, No. 16cv00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (collecting cases); *Graves v. Colvin*, No. 15cv106-RFB-NJK, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (same).

As for the fourth requirement, "[e]very plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong."  *Hoagland*, 2012 WL 2521753, at *3.  Thus, a complaint merely stating that the Commissioner's decision was wrong or that "merely parrots the standards used in reversing or remanding a case" is

insufficient to satisfy a plaintiff's pleading requirement.  *See, e.g.*, *Cribbet v. Comm'r of Social Security*, No. 12cv1142-BAM 2012 WL 5308044, *3 (E.D. Cal. Oct. 29, 2012); *Graves*, 2015 WL 357121, at *2.  Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong."  *Hoagland*, 2012 WL 2521753, at *2; *see also Harris v. Colvin*, No. 14cv383-GW (RNB), 2014 WL 1095941, *4 (C.D. Cal. Mar. 17, 2014) (dismissing complaint which it did not "specify . . . the respects in which [the plaintiff] contends that the ALJ's findings are not supported by substantial evidence and/or that the proper legal standards were not applied"); *Gutierrez v. Astrue*, No. 11cv454-GSA, 2011 WL 1087261, *2 (E.D. Cal. Mar. 23, 2011) (dismissing complaint which did not "provide[] any substantive reasons" for appealing the ALJ's decision and did not "identif[y] any errors in [the] decision").  The plaintiff must provide a statement identifying the basis of the plaintiff's disagreement with  the Social Security Administration's determination and must make a showing that she is entitled to relief, "in sufficient detail such that the Court can understand the legal and/or factual issues in dispute so that it can meaningfully screen the complaint pursuant to § 1915(e)."  *Graves*, 2015 WL 357121, at *2.

With these standards in mind, the Court turns to Plaintiff's complaint and finds that it meets these pleading requirements.  Plaintiff indicates that she has exhausted her administrative remedies, she resides within this Court's jurisdiction, and describes both physical and mental disabilities with an onset date of September 16, 2017.  ECF No. 9 at 1-2. Furthermore, Plaintiff provides specific reasons for contesting the ALJ's decision, including that the ALJ used the vocational expert as medical authority, failed to address Plaintiff's mental limitations due to anxiety, failed to address Plaintiff's physical and mental limitations and pain, and did not apply medical vocational profiles.  *Id.* at 2. Accordingly, the Court finds that Plaintiff's complaint sufficiently states a claim for relief.

//

**II.     Motion to Proceed IFP**

It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). The determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (noting "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (*citing Adkins*, 335 U.S. at 339). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Finally, the facts as to the litigant's indigency must be stated "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Here, Plaintiff submits an affidavit stating that she receives only $1,470 a month in income from real property and no disability income; however, she leaves the box for total monthly income blank.[1] ECF No. 10 at 1-2. She claims she has $0 in cash, and a total of $1,124.45 in bank accounts.[2] *Id.* Plaintiff lists significant assets, with a combined value of more than $550,000. *Id.* at 3. Additionally, she claims her monthly expenses total $3,682 a month, including $300 for home maintenance and $1,000 for food. *Id.* at 4-5. However, the sum of the values listed as monthly expenses is $6,232. *Id.*

---

[1] In Plaintiff's first application to proceed IFP, Plaintiff included $2,005 in disability income that is not included on the current application. ECF No. 2 at 2. Plaintiff, however, does note that her disability is under review in the present application. ECF No. 10 at 5.

[2] Plaintiff's first application claims $2,000 in cash and $2,183.65 in bank accounts shared between her and her spouse. ECF No. 2 at 2.

With this financial information as background, the Court finds that Plaintiff has not made the requisite showing that she lacks the financial resources to pay the filing fees associated with commencing this lawsuit. Plaintiff's monthly expenses, particularly for home maintenance and food, are relatively high. These elevated expenses, combined with her assets, do not support Petitioner's claim of indigency and inability to pay the $400 filing fee. Accordingly, the Court cannot conclude that requiring Plaintiff to pay the filing fee would impair her ability to obtain the necessities of life. *See Adkins*, 335 U.S. at 339.

### III.   Conclusion

For the reasons discussed above, the Court **DENIES** the motion to proceed IFP. In order to pursue her case, Plaintiff must pay the filing fee by no later than **October 22, 2020**.

**IT IS SO ORDERED.**

Dated:  September 22, 2020

Hon. Nita L. Stormes
United States Magistrate Judge