UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN W., <br><br>                                    Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, Acting Commissioner of Social Security,[1] <br><br>                                    Defendant. | Case No.:  20-cv-1452-DEB <br><br> **ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)** <br><br> **[DKT. NO. 3**2**]** |

Before the Court is Plaintiff's Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). Dkt. No. 32. Plaintiff does not oppose the Motion, and the Commissioner takes no position. Dkt. No. 37.[2]

For the reasons discussed below, the Court **GRANTS** the Motion.

//

//

---

[1] Martin O'Malley is substituted for Kilolo Kijakazi pursuant to Fed. R. Civ. P. 25(d).

[2] In his response, the Commissioner asserts he "has no direct financial stake in the outcome of this motion" and "neither supports nor opposes counsel's request for attorney's fees." Dkt. No. 37 at 2.

## I.  BACKGROUND

Plaintiff Dawn W. filed this case in 2020, seeking review of the Commissioner of Social Security's ("Commissioner") denial of her application for disability insurance benefits and Supplemental Security Income. Dkt. Nos. 1, 9.[3] The Court reversed the denial of benefits and remanded the case for further proceedings. Dkt. No. 28. Pursuant to the parties' joint motion, the Court awarded Plaintiff $8,750 in attorney fees under the Equal Access for Justice Act ("EAJA"). Dkt. No. 31.

On remand, the Commissioner issued a decision favorable to Plaintiff and awarded $111,286 in past-due disability benefits. Dkt. No. 32 at 2. The Commissioner withheld $27,821.50 from the past-due benefits in the event Plaintiff's counsel requested payment of fees. Dkt. No. 32 at 10.

## II.  LEGAL STANDARD

Pursuant to the Social Security Act, attorneys may seek "a reasonable fee" for cases in which they have successfully represented Social Security claimants. 42 U.S.C. § 406(b)(1)(A). This fee cannot exceed "25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." *Id*.; *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("Within the 25 percent [statutory] boundary . . ., the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.").

The Court "must 'approach [§ 406(b)] fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford v. Astrue*, 586 F.3d 1142, 1150 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at 808). In evaluating the reasonableness of the fee award, the Court must consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808 (citations omitted). The Court also "may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citation omitted).

---

[3] Plaintiff amended her complaint on September 9, 2020. Dkt. No. 9.

Finally, the Court must offset the § 406(b) fee award by any fees granted under the EAJA. *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both prescriptions [i.e., the EAJA and 42 U.S.C. § 406(b)], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") (citation omitted).

### III. DISCUSSION

Plaintiff's counsel seeks $27,821 in attorney fees, offset by the $8,750 EAJA fees, for a net award of $19,071. Dkt. No. 32 at 2, 4. The Court has conducted an independent inquiry of the proposed fee award and finds it is reasonable and does not constitute a windfall.

Plaintiff and counsel agreed to a contingent-fee agreement where counsel receives 25 percent of Plaintiff's past-due benefits. Dkt. No. 32 at 4, 13–14.[4] Counsel is requesting attorney fees of $27,821, the maximum allowed under the contingency agreement and 42 U.S.C. § 406(b). Dkt. No. 32 at 4.[5] Counsel's representation resulted in Plaintiff receiving a favorable decision and an award of past-due benefits. Counsel also "assumed significant risk" in accepting this case, "including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving" the case. *Crawford*, 586 F.3d at 1152; *see also Moreno v. Berryhill*, No. 13-8492-PLA, 2018 WL 3490777, at *3 (C.D. Cal. July 19, 2018) (explaining the "risk of nonpayment inherent in a contingency agreement").

Finally, the Court does not find any reduction is warranted. *See Crawford*, 586 F.3d at 1151 ("The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case.") (citation omitted). There

---

[4] The copy of the fee agreement submitted to the Court is signed by Plaintiff, but not counsel. Dkt. No. 32 at 14.

[5] A strict twenty-five percent is $27,821.50.

is no evidence of substandard performance or delay,[6] and the requested fees are "not excessively large in relation to the benefits achieved" or the "time spent on the case." *Id.* Counsel expended 66.20 hours on this case. Dkt. No. 32 at 18–19. The $420.26 effective hourly rate is reasonable. *See Crawford*, 586 F.3d at 1153 (finding reasonable effective hourly rates of $519, $875, and $902).

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Counsel's Motion for Fees Pursuant to 42 U.S.C. § 406(b) in the amount of $27,821. Dkt. No. 32.

The Commissioner is **DIRECTED** to certify payment of a **$27,821** fee award, made payable to Gerrard Law Offices and delivered to Josephine M. Gerrard, out of Plaintiff's past-due benefits in accordance with agency policy.

The Court further **ORDERS** Plaintiff's counsel to refund Plaintiff **$8,750** to offset the EAJA fees previously awarded.

**IT IS SO ORDERED.**

Dated: June 7, 2024

_____
Honorable Daniel E. Butcher
United States Magistrate Judge

---

[6] The parties requested (and received) (a) one 30-day extension for Plaintiff to file her opening brief because Covid created an increase in counsel's workload (Dkt. Nos. 18, 19), and (b) one 45-day extension for Defendant to file a response based on counsel's medical leave and caseload (Dkt. Nos. 24, 25).